Christine A. Kohler, State Bar No. 211562
ckohler@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA  92612
Telephone: (949) 705-3000
Facsimile:  (949) 724-1201

Attorneys for Defendant
PARTECH, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLAIR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARTECH, INC., a New York corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. '20 CV2302 AJB LL<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant ParTech, Inc. ("Defendant") hereby removes to this Court the state court action described below.  This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) due to the diversity of citizenship of the parties.  Accordingly, the state court action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.    STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this action under the diversity of

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the state of California.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

The action was filed in Superior Court of the State of California, San Diego County.  Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a) and 1446(a).

## III.    PLEADINGS, PROCESS AND ORDERS

On September 29, 2020, Plaintiff Robert Clair ("Plaintiff") commenced an action by filing an unverified Complaint in the Superior Court of the State of California, County of San Diego, entitled Robert Clair, *an individual v. ParTech, Inc., a New York corporation; and DOES 1 through 20, inclusive*, bearing Case No. 37-2020-00035684-CU-OE-NC  (the "Complaint").  The Complaint asserts the following causes of action:  (1) age discrimination in violation of California's Fair Employment and Housing Act; (2) wrongful termination in violation of public policy; (3) breach of implied covenant of good faith and fair dealing; (4) failure to prevent discrimination in violation of California's Fair Employment and Housing Act; and (5) conversion and constructive trust.  (Declaration of Christine A. Kohler ("Kohler Decl."), ¶ 2; Exhibit A.)  Plaintiff specifically seeks to recover lost wages.  (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 18, 26, and 35.)   He also seeks damages for "extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression." (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 19, 27 and 36.)

On November 23, 2020, Defendant filed in the Superior Court of California, its Answer to the Complaint.  (Kohler Decl., ¶ 4; Exhibit B.)

Pursuant to 28 U.S.C. ¶ 1446(a), the attached exhibits constitute all process, pleadings and orders served on Defendant in this action. (Kohler Decl., ¶ 5.) To Defendant's knowledge, no further process, pleadings, or orders related to this case have been served by any party. (*Id.*)

## IV.   TIMELINESS OF REMOVAL

Defendant was first served with a copy of the Summons and Complaint on October 28, 2020. (Kohler Decl., ¶ 3; Exhibit A.) This Notice is timely in that it is being filed within thirty (30) days of the date of service of the Summons and Complaint on Defendant, which was the first time that Defendant ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. §1446(b).

## V.   DIVERSITY JURISDICTION

The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.   Plaintiff Is A Citizen Of California

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the

places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at \*7 (*citing Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.,* 2012 WL 10759737, at \*4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

Defendant is informed and believes that currently and at all relevant times, Plaintiff was a citizen of the United States and was domiciled and resides in the State of California, County of Los Angeles.  (Declaration of Katie Hutton ("Hutton Decl."), ¶ 4; Complaint ¶ 1.)  During his employment with Defendant, Plaintiff was based out of Defendant's San Diego, California location.  (*Id.*)  Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

### B.    Defendant Is Not A Citizen Of California

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.,* its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend,* 559 U.S.77 (2010).

At the time this action was commenced in state court, Defendant was, and still is, a corporation that was incorporated under the laws of the state of New York with its headquarters in New Hartford, New York.  (Hutton Decl., ¶ 3.)  Defendant's corporate headquarters in New York is where decisions are made with respect to the direction of the company, where its operations are controlled and coordinated, and where its corporate and executive officers are employed.  (*Id.*)  Thus, New York is Defendant's principal place of business.  It is therefore a citizen of New York for purposes of determining diversity of citizenship.

There are no other defendants in this action as of the date of this removal.  The presence of Doe defendants in this case has no bearing on diversity with respect to

removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of New York. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

### C.    The Amount in Controversy Exceeds $75,000

Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")

In his Complaint, Plaintiff specifically seeks to recover lost wages. (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 18, 26, and 35.) Plaintiff's employment with Defendant was terminated on April 8, 2020. (Hutton Decl., ¶ 5.) As of that date, Plaintiff earned a base salary of $131,647.15 in his position as a Sales Executive. (*Id.*) In addition, Plaintiff was eligible to receive up to $125,000.00 in variable pay for the year of 2020 based on sales targets. (*Id.*) Assuming that Plaintiff would have continued to work from his date of termination through present, back pay of base salary alone to date would be calculated at **$81,013.53** (($131,647 ÷ 52) x 32 weeks).

Plaintiff also seeks damages for "extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression." (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 19, 27 and 36.) These claims further augment his claim for lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

*Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.

Plaintiff further seeks an award of reasonable attorneys' fees. (Kohler Decl., ¶ 2, Exhibit A, Complaint ¶¶ 20.)  Although Defendant disputes Plaintiff is entitled to any recovery, the California Fair Employment and Housing Act authorizes an award of reasonable attorneys' fees to a prevailing plaintiff with respect to Plaintiff's two claim for alleged violation of the statute.  Cal. Gov't Code § 12965(b).  When authorized by statute, attorneys' fees are included in the calculation of the amount of Plaintiff's claims to determine whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the amount in controversy issue, the court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to

prevail).  Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award.  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002), 1035; *see, e.g., Beaty v. BET Holdings, Inc.,* 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees in the amount of $376,520 may be appropriate in FEHA action where compensatory damages were only $30,000); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less); *Flannery v. Prentice,* 26 Cal.4th 572 (2001) (affirming award of attorney's fees and costs of $891,042).  Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

Plaintiff also seeks punitive damages. (Kohler Decl., ¶ 2, Exhibit A, Complaint at Prayer for Relief.)  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc., supra,* 243 F.Supp.2d at 1009.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.  *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment cases have the potential for large punitive damages awards.  *Simmons v. PCR Technology, supra,* 209 F.Supp.2d at 1033.  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.,* 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar

conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, including his alleged damages, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

In sum, although Defendant does not concede Plaintiff's claims have any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI.    NOTICE TO STATE COURT AND PLAINTIFF

Pursuant to 28 U.S.C. section 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff. In addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

Dated:    November 25, 2020

/s/ Christine A. Kohler
Christine A. Kohler
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PARTECH, INC.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada  89169-5937. On November 25, 2020, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441**

☒ **VIA ELECTRONIC MAIL**: Due to COVID-19, our offices are working remotely. As such, a hard copy will not be mailed.  Please contact our office immediately if alternative service needs to be arranged.

> Jason E. Guerra
> Guerra Law
> 1 World Trade Center, 8th Floor
> Long Beach, CA   90831
> *jason@guerra-law.com*
>
> *Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on November 25, 2020, at Las Vegas, Nevada.

/s/ *Ann Koorndyk*
Ann Koorndyk

4825-6798-9715.1 102097.1004

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

9.